ALFRED DUNHILL OF LONDON, INC. *v.* UNITED STATES [1]

United States Customs Court, First Division

(Decided December 21, 1938)

*Puckhafer & Rode* (*John D. Rode* of counsel) for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*William J. Vitale,* special attorney), for the defendant.

Before McCLELLAND, SULLIVAN, and BROWN, Judges; McCLELLAND, P. J., not participating

SULLIVAN, Judge: The subjects of this protest are certain parts of cigar or cigarette lighters imported from Geneva, Switzerland, and itemized on the second page of invoice 1029, which was consulated on November 28, 1936.

The collector of customs at the port of New York assessed duty on this merchandise at rates equivalent to 110 per centum ad valorem, and classified it under the following provisions of paragraph 1527 of the Tariff Act of 1930:

(c) Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including

[1] C. D. 70.

\* \* \* cigar lighters, \* \* \* and like articles; all the foregoing and parts thereof, finished or unfinished:

\*     \*     \*     \*     \*     \*     \*

(2) composed wholly or in chief value of metal other than gold or platinum \* \* \* 1 cent each and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem.

The plaintiff by its protest claims these lighter parts dutiable as follows:

Said merchandise is not dutiable as assessed. It is properly dutiable at only ⅔¢ each and ⅖¢ per doz. for each 1¢ the value exceeds 20¢ per doz. and 25% (65%) under the provision for "Lighters and parts thereof, finished or unfinished" in Tariff Act Par. 1527 (c) (2) of the French Trade Agreement (T. D. 48316).

The French Trade Agreement referred to is set out in T. D. 48316 (69 Treas. Dec. 853). Thereby various duties provided for in the Tariff Act of 1930 were modified not only as to merchandise specified therein imported from France, but as to certain merchandise imported from various other countries, including Switzerland.

On page 865 of 69 Treas. Dec., *supra*, is the following:

| Tariff Act of 1930 paragraph | Description of articles | Rate of duty |
|---|---|---|
| \* \* \*<br>1527 (c) | \* \* \*<br>Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including \* \* \* cigar lighters, \* \* \* and like articles; all the foregoing and *parts* thereof, finished or unfinished:<br>\* \* \* | \* \* \* |
| | (2) Composed wholly or in chief value of metal other than gold or platinum \* \* \* *and valued above $5 per dozen pieces.* | ⅔¢ each and ⅖¢ per doz. for each 1¢ the value exceeds 20¢ per doz. and 25% ad val. |

[Italics ours.]

In other words, by this trade agreement the duty on the specified cigar lighters *and parts thereof* composed wholly or in chief value of metal other than gold or platinum, *if valued above $5 per dozen pieces*, is reduced from the rates specified in paragraph 1527 (c) (2) of the Tariff Act of 1930 to the rates specified as above in said trade agreement, provided the merchandise is imported into the United States from one of the countries mentioned by the President in his letter to the Secretary of the Treasury quoted in said T. D. 48316, and one of those countries is Switzerland, the country from which these cigar lighter parts were received.

It will be observed that most of these parts, according to the invoiced values, are worth considerably more than 20 cents per dozen pieces; but two items are worth only about 14 cents per dozen, viz: "500 flint springs standard, P. 48, —.05 25.—" and "500 wicks Tallboy P. 49, —.05 25.—." These prices are in Swiss francs. A

Swiss franc is stated in red ink on the entry to be worth in United States currency $0.229801, or about 23 cents.

At the trial (p. 12, minutes) plaintiff's counsel conceded that these parts are worth less than $5 per dozen. He contends in his brief "that the value limitation of $5 per dozen pieces found in the French Trade Agreement applies only to the completed article and not to parts of the article."

At the trial plaintiff's witness Oscar Asch proved samples of these lighter parts, and also produced samples of the complete lighters of which they are parts. He testified to the effect that such complete lighters were worth more than $5 per dozen pieces.

The question is, are these parts, which are concededly worth less than $5 per dozen pieces (although the completed lighter of which they are parts is worth $5 per dozen), subject to duty at the reduced rate provided by the French Trade Agreement?

It seems to us a reading of the extract from the French Trade Agreement heretofore set out fully answers this question. The trade agreement specifically provides for *articles* valued above 20 cents per dozen pieces. It then indicates that such *articles* so valued shall be "designed to be worn on apparel or carried on or about or attached to the person" and that they shall be "such as and including" various articles *eo nomine* mentioned, including "cigar lighters" "and like articles." Then it provides for *parts* thereof without mentioning the value. Finally in subdivision (2) it states that they must be "composed wholly or in chief value of metal other than gold or platinum" and concludes "valued above $5 per dozen pieces."

In *United States* v. *Kross*, 24 C. C. P. A. 133, T. D. 48607, it has been held "that a part of a base metal article of the kind here imported (pocket cigarette cases and lighters), which part is valued at a sum not above 20 cents per dozen pieces, is dutiable at the same rate as the completed article which is valued above 20 cents per dozen pieces," and that in such case it is immaterial that the value of the part itself is less than 20 cents per dozen pieces. The court said (p. 135):

To conclude otherwise than that the goods at bar, being parts of articles valued above 20 cents per dozen pieces, should not take a different rate of duty than the articles themselves, would be anomalous. Having provided for the article and for parts thereof, it would seem obvious that the Congress intended that the parts, if imported separately, would take the same duty as the completed article, and we so hold.

Now, it will be observed in the case at bar that the complete lighter of which this merchandise is a part is "valued above $5 per dozen pieces," while the parts themselves are not. Applying the court's reasoning in the *Kross* case, *supra*, to the parts at bar we think (paraphrasing the above quotation) that, having provided for the article and for parts thereof, it would seem obvious that the treaty makers

intended that the parts, if imported separately, would take the same duty as the completed article, even though the parts may not come within the qualification "valued above $5 per dozen pieces"; in other words, that this qualification as to value applies to the completed article and not to parts thereof. We think it would be an anomaly under the wording of the trade agreement if the parts should have a different tax from the completed article. The complete article includes the parts. Such parts when designated and imported separately from the completed article would naturally have a lower value than when combined in the completed article. The differentiation in value of the parts separately is not material to the issue. The trade agreement places the same rate of duty thereon as provided for the completed article. It seems to us one cannot come to any other conclusion from reading the trade agreement. It is admitted these parts are parts of cigar lighters. There is nothing to indicate they have a separate use than as such parts of cigar lighters. As such, what their individual value may be is immaterial. Their use cannot be other than with a cigar lighter, and they should be dutiable at the same rate as the completed article.

On the law and the facts the protest is sustained. Judgment for the plaintiff.